UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE GEORGE ERWIN, JR., | ) | 1:13-cv—00191-AWI-BAM-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION FOR DISMISSAL OF THE |
| | ) | PETITION AND DISMISSING THE |
| v. | ) | PETITION WITHOUT PREJUDICE |
| | ) | (DOC. 18) |
| ON HABEAS CORPUS, | ) | |
| | ) | ORDER DISMISSING AS MOOT |
| Respondent. | ) | PETITIONER'S MOTION FOR LEAVE TO |
| | ) | PROCEED IN FORMA PAUPERIS |
| | ) | (DOC. 18) |

ORDER DIRECTING THE CLERK TO CLOSE THE ACTION

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 through 304.  On March 1, 2013, the Magistrate Judge issued findings and recommendations to dismiss the petition as successive.  On March 15, 2013, Petitioner filed a motion requesting dismissal of the petition without prejudice and with leave to proceed in forma pauperis, which is presently pending before the Court.

   I.   Motion for Voluntary Dismissal

Subject to other provisions of law, a Petitioner may voluntarily dismiss an action without leave of court before

1

service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a). Otherwise, an action shall not be dismissed except upon order of the court and upon such terms and conditions as the court deems proper. Id.

Here, the adverse party has not served an answer or motion for summary judgment. Accordingly, Petitioner is entitled to dismissal.

Petitioner requests a dismissal without prejudice.

The dismissal of the petition will be denominated as a dismissal without prejudice. However, Petitioner is forewarned that there is a one-year limitations period in which a federal petition for writ of habeas corpus must be filed. 28 U.S.C. § 2244(d)(1). In most cases, the one-year period begins to run at the conclusion of direct review. Id. The limitations period is tolled while a properly filed request for collateral review is pending in state court. 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

II.   Motion to Proceed in Forma Pauperis

Petitioner paid the filing fee in this action before the proceeding was transferred to this Court. Further, Petitioner's action will be dismissed.

Therefore, the Court will dismiss Petitioner's request to proceed in forma pauperis as moot.

III.  Disposition

Accordingly, it is ORDERED that:

1) Petitioner's motion for voluntary dismissal is GRANTED; and

2) Petitioner's request to proceed in forma pauperis is DISMISSED as moot; and

3) The petition for writ of habeas corpus is DISMISSED without prejudice; and

4) The Clerk is DIRECTED to close this action.

IT IS SO ORDERED.

Dated:   March 20, 2013

SENIOR DISTRICT JUDGE

3